# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

PHOJI, INC.,
100 North Sixth Street, Suite 306
Waco, Texas 76701,

    Plaintiff,

           **v.**             Case No. 6:21-cv-00888

ATLASSIAN, INC.,
303 Colorado Street, Suite 1600
Austin, Texas 78701,

    Defendant.

## PHOJI, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Phoji, Inc. ("Phoji"), by and through its undersigned counsel, files this complaint under 35 U.S.C. § 271 for patent infringement against Defendant Atlassian, Inc. ("Atlassian") and further alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## PARTIES

1. Plaintiff Phoji, Inc. is a Delaware corporation with a principal place of business at 100 North Sixth Street, Suite 306, Waco, Texas.

2. On information and belief, Defendant Atlassian, Inc. is a Delaware corporation with a regular and established place of business at 303 Colorado Street, Suite 1600, Austin, Texas 78701. Atlassian offers and sells its products and/or services, including those accused herein of

1

infringement, to customers and potential customers located in Texas, including the judicial Western District of Texas. Atlassian may be served with process through its registered agent for service in Texas: Corporation Service Company, D/B/A CSC – Lawyers Inco, 211 E. 7th Street, Austin, Texas 78701.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

3. Phoji brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

4. This Court has subject matter jurisdiction over the subject mater of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because the action arises under the patent laws of the United States.

5. This Court has personal jurisdiction over Atlassian. Atlassian conducts business and has committed acts of direct and indirect patent infringement in this District, the State of Texas, and elsewhere in the United States. Moreover, Atlassian is registered to do business in the State of Texas, has offices and facilities in the State of Texas and this District, has engaged in continuous and systematic activities in this District, and actively directs its activities to customers located in the States of Texas and this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Atlassian has a regular and established place of business in this District, including at 303 Colorado Street, Suite 1600, Austin, Texas 78701. Thus, Atlassian is deemed to reside in this District, has committed acts of infringement described herein in this District, and has purposely transacted business involving the accused products in this District. Further, there is significant local interest in view of Atlassian being an employer in this District.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 9,565,149
## BY CONFLUENCE PRODUCT

7. Phoji incorporates the preceding paragraphs by reference.

8. U.S. Patent No. 9,565,149 ("the '149 Patent," attached hereto as Exhibit 1) duly issued on February 7, 2017, and is entitled "Media Messaging Methods, Systems, and Devices."

9. The '149 Patent has been in full force and effect since its issuance. Phoji is the owner by assignment of the '149 Patent and possesses all rights under the '149 Patent, including the exclusive right to recover for past and future infringement.

10. The '149 Patent names as inventors Jay Coatta, John Mikkelsen, Sergey Tolkachev, Robert Freidson, and Max Freidson.

11. The '149 Patent "relates generally to electronic device communication, and more particularly, to systems, methods, and devices for the insertion of media data within electronic device communication."

12. The '149 Patent further discloses a system and method that "provides users with a semantically organized multi-dimensional communication space for personalizing rich media content (for example, images, photographs, audio, video, etc.) and integrating the content into a more emotionally enriched communication experience between [Media Messaging Platform] users."

13. Atlassian's Confluence product includes features and functionality that relate to systems, methods, and devices for the insertion of media data within electronic device communication.

14. Atlassian's Confluence product further includes features and functionality that provide users with a semantically organized multi-dimensional communication space for personalizing rich media content and integrating the content into a more emotionally enriched communication experience.

15.     As illustrated in the claim chart included as Exhibit 2 to this Complaint and based upon publicly available information, Atlassian's Confluence product infringes at least claim 1 of the '149 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1. The descriptions in the Exhibit 2 claim chart are preliminary examples and non-limiting.

16.     Atlassian has had knowledge of the '149 Patent since at least August 27, 2020, and has willfully infringed the '149 patent.

17.     Phoji is informed and believes, and thereon alleges, that Atlassian actively, knowingly, and intentionally has induced infringement of the '149 Patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its Confluence product with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers. The claim chart included as Exhibit 2 includes examples of such instructions provided by Atlassian to its users.

18.     As a result of Atlassian's infringement of the '149 Patent, Phoji has been damaged. Phoji is entitled to recover for damages sustained as a result of Atlassian's wrongful acts in an amount subject to proof at trial.

19.     To the extent 35 U.S.C. § 287 is determined to be applicable, on information and belief its requirements have been satisfied with respect to the '149 Patent.

20.     Atlassian's infringing acts and practices have caused and are causing irreparable and immediate harm to Phoji.

21.     Phoji is informed and believes, and thereon alleges, that Atlassian's infringement of the '149 Patent has been and continues to be willful. As noted above, Atlassian has knowledge of the '149 Patent and its infringement of the '149 Patent. Atlassian has deliberately continued to infringe

in a wanton, malicious, and egregious manner, with reckless disregard for Phoji's patent rights. Thus, Atlassian's infringing actions have been and continue to be consciously wrongful.

22. Based on the information as alleged in this claim, as well as the information alleged in the Second and Third Counts *infra*, Phoji is informed and believes, and thereon alleges, that this is an exceptional case that warrants an award of attorney's fees to Phoji pursuant to 35 U.S.C. § 285.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 9,565,149 BY JIRA PRODUCT

23. Phoji incorporates the preceding paragraphs by reference.

24. Atlassian's Jira product includes features and functionality that relate to systems, methods, and devices for the insertion of media data within electronic device communication

25. Atlassian's Jira product further includes features and functionality that provide users with a semantically organized multi-dimensional communication space for personalizing rich media content and integrating the content into a more emotionally enriched communication experience.

26. As illustrated in the claim chart included as Exhibit 3 to this Complaint and based upon publicly available information, Atlassian's Jira product infringes at least claim 1 of the '149 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1. The descriptions in the Exhibit 3 claim chart are preliminary examples and non-limiting.

27. Atlassian has had knowledge of the '149 Patent since at least August 27, 2020, and has willfully infringed the '149 patent.

28. Phoji is informed and believes, and thereon alleges, that Atlassian actively, knowingly, and intentionally has induced infringement of the '149 Patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its Jira product with the knowledge and specific intent to encourage and

facilitate infringing uses of such products by its customers. The claim chart included as Exhibit 3 includes examples of such instructions provided by Atlassian to its users.

29. As a result of Atlassian's infringement of the '149 Patent, Phoji has been damaged. Phoji is entitled to recover for damages sustained as a result of Atlassian's wrongful acts in an amount subject to proof at trial.

30. To the extent 35 U.S.C. § 287 is determined to be applicable, on information and belief its requirements have been satisfied with respect to the '149 Patent.

31. Atlassian's infringing acts and practices have caused and are causing irreparable and immediate harm to Phoji.

32. Phoji is informed and believes, and thereon alleges, that Atlassian's infringement of the '149 Patent has been and continues to be willful. As noted above, Atlassian has knowledge of the '149 Patent and its infringement of the '149 Patent. Atlassian has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Phoji's patent rights. Thus, Atlassian's infringing actions have been and continue to be consciously wrongful.

33. Based on the information as alleged in this claim, as well as the information alleged in the First and Third Counts included herein, Phoji is informed and believes, and thereon alleges, that this is an exceptional case that warrants an award of attorney's fees to Phoji pursuant to 35 U.S.C. § 285.

**COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 9,565,149 BY TRELLO PRODUCT**

34.     Phoji incorporates the preceding paragraphs by reference.

35.     Atlassian's Trello product includes features and functionality that relate to systems, methods, and devices for the insertion of media data within electronic device communication

36.     Atlassian's Trello product further includes features and functionality that provide users with a semantically organized multi-dimensional communication space for personalizing rich media content and integrating the content into a more emotionally enriched communication experience.

37.     As illustrated in the claim chart included as Exhibit 4 to this Complaint and based upon publicly available information, Atlassian's Trello product infringes at least claim 1 of the '149 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1.  The descriptions in the Exhibit 4 claim chart are preliminary examples and non-limiting.

38.     Atlassian has had knowledge of the '149 Patent since at least August 27, 2020, and has willfully infringed the '149 patent.

39.     Phoji is informed and believes, and thereon alleges, that Atlassian actively, knowingly, and intentionally has induced infringement of the '149 Patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its Trello product with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers.  The claim chart included as Exhibit 4 includes examples of such instructions provided by Atlassian to its users.

40.     As a result of Atlassian's infringement of the '149 Patent, Phoji has been damaged.  Phoji is entitled to recover for damages sustained as a result of Atlassian's wrongful acts in an amount subject to proof at trial.

41.     To the extent 35 U.S.C. § 287 is determined to be applicable, on information and belief its requirements have been satisfied with respect to the '149 Patent.

42.     Atlassian's infringing acts and practices have causes and are causing irreparable and immediate harm to Phoji

43.     Phoji is informed and believes, and thereon alleges, that Atlassian's infringement of the '149 Patent has been and continues to be willful.  As noted above, Atlassian has knowledge of the '149 Patent and its infringement of the '149 Patent.  Atlassian has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Phoji's patent rights.  Thus, Atlassian's infringing actions have been and continue to be consciously wrongful.

44.     Based on the information as alleged in this claim, as well as the information alleged in the First and Second Counts included herein, Phoji is informed and believes, and thereon alleges, that this is an exceptional case that warrants and award of attorney's fees to Phoji pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Phoji prays for judgment against Atlassian as follows.

A. That Atlassian has infringed, and unless enjoined, will continue to infringe the '149 Patent;

B. That Atlassian has willfully infringed the '149 Patent;

C. That Atlassian pay Phoji damages adequate to compensate Phoji for Atlassian's infringement of the '149 Patent, together with interest and costs under 35 U.S.C. § 284.

D. That Atlassian be ordered to pay prejudgment and post-judgment interest on the damages asserted;

8

E.  That Atlassian pay Phoji enhanced damages pursuant to 35 U.S.C. § 285;

F.  That Atlassian be ordered to pay supplemental damages to Phoji, including interest, with an accounting, as needed;

G.  That Atlassian be enjoined from infringing the '149 Patent or if its infringement is not enjoined, that Atlassian be ordered to pay ongoing royalties to Phoji for any post-judgment infringement of the '149 Patent; and

H.  That Phoji be awarded such other and further relief, including equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Phoji hereby demands a trial by jury on all issues triable to a jury.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated: August 26, 2021                     Respectfully submitted,


                                           By: /s/ Andy Tindel
                                           Andy Tindel (Texas Bar No. 20054500)
                                           atindel@andytindel.com
                                           **MANN | TINDEL | THOMPSON**
                                           112 E. Line Street, Suite 304
                                           Tyler, Texas 75702
                                           Telephone: 903.596.0900
                                           Facsimile: 903569.0909

                                           Eric H. Chadwick (*pro hac vice pending*)
                                           ehc@dewittllp.com
                                           Joseph T. Miotke (*pro hac vice pending*)
                                           jtm@dewittllp.com
                                           Olivia M. Kelley (*pro hac vice pending*)
                                           omk@dewittllp.com
                                           Erin Ella Block (*pro hac vice pending*)
                                           erin.block@dewittllp.com
                                           Heather L. Kierzek (*pro hac vice pending*)
                                           hlk@dewittllp.com
                                           **DeWITT LLP**
                                           2100 AT&T Tower
                                           901 Marquette Avenue
                                           Minneapolis, Minnesota 55402
                                           Telephone: 612.305.1400
                                           Facsimile: 612.305.1414

                                           *Attorneys for Plaintiff,*
                                           *Phoji, Inc.*